Ex parte
Harrison.

Where a plaintiff takes a judgment by default, but inadvertently omits to file common bail, the court, on motion, will always give liberty to do this *nunc pro tunc.*

## *Ex parte* HARRISON.

HARRISON sued Adams before a Justice of Onondaga county who gave judgment, for the defendant. Upon which the plaintiff appealed to the next Court of C. P. for that county; gave due notice of appeal to the Justice, on the 24th of July, 1824; paid the costs recovered by the defendant; and executed and delivered to the Justice a bond in these words: "Know all men by these presents, that we, William Harrison, Samuel Forman and Morehouse Hickok, are held and firmly bound unto John

Form of bond on appeal by plaintiff from a judgment against him for costs only, before a justice, under the statute, (sess. 47, ch. 238, s. 36.) It need not be conditioned to pay the judg-

Ex parte
Harrison.

ment below, or
surrender, &c.
So if plain-
tiff appeal on
account of the
judgment in
his favor being
too small.
So if defend-
ant appeal for
the smallness
of the judg-
ment in his fa-
vor.
Otherwise if
a party appeal
from a judg-
ment against
him for both
damages and
costs.
How the bond
should be in
such case.
Bond is, in
all cases, to be
in the penalty
of double the
judgment,
whether for
costs only, or
damages and
costs.

Adams, in the sum of *seven dollars ninety-six cents*, to the payment whereof we bind ourselves, jointly and severally, firmly by these presents. Sealed with our seals. Dated July 24th, 1824. The condition of this obligation is such, that whereas the above named William Harrison, by Samuel Forman, as his next friend, heretofore brought a suit before Thaddeus Patchen, Esq., a Justice of the Peace in and for the county of Onondaga, against the above named John Adams, which suit came on to be tried before the said Justice and a jury, on the 17th day of July, instant, at which time a judgment was rendered therein, on the verdict of the said jury, in favor of the said Adams against the said Harrison, for the costs of suit, amounting to *three dollars and ninety-eight cents ;* and whereas the said William Harrison has appealed from the said judgment, to the Court of Common Pleas in and for the county of Onondaga ; now, therefore, the condition of this obligation is such, that if the said William Harrison shall prosecute the said appeal with all due diligence, to a decision in the Court of Common Pleas, and in case judgment shall be rendered against such appellant, shall pay such judgment, including costs of the appeal, then this obligation to be void ; otherwise to be and remain in full force and virtue." Signed and sealed by the obligors. On this bond was endorsed, "I approve of the within bond and securities. July 24th, 1824. *T. Patchen*, J. Peace."

On the 2d day of August, the Justice made his return, which was filed with the bond in the Clerk's office of Onondaga, on the 14th of August ; and on motion of the appellee, at the next September term of the Onondaga C. P. they quashed the appeal, for a defect in the bond, and on the ground that it did not conform to the statute, (sess. 47, ch. 238, s. 36.)

*B. D. Noxon*, now moved for a mandamus, commanding the C. P. to vacate the rule, and proceed in the appeal.

*J. R. Lawrence*, contra, insisted that the bond was defective within the statute, (sess. 47, ch. 238, s. 36,) in not providing for the payment of the judgment recovered before the Jus-

tice, and the interest. This, he said, is made necessary, by that section, in all cases. Again : in the *Matter of David Marsh*, (19 John. Rep. 171,) this Court decided that the word judgment, as used in the act of 1818, did not comprehend the costs. If the costs can not be considered a part of the judgment, in a case like this, where there are no damages, the bond can have no penalty ; and so it is no security to the appellee for the costs of the appeal, as the appellee can not recover beyond the amount of the penalty. The provisions of the acts of 1818 and 1824, are alike in this respect ; and the decision of this Court cited, when applied to this case, proves that it is not a case contemplated by the statute. The party should not be allowed to harrass his adversary by an appeal, without any security for costs.

*Noxon*, in reply, said it would be idle to give a bond for the payment of the judgment and interest, which had been already paid, at the time of appealing ; and as to the decision cited, it merely went to regulate the cases, under the old act, in which an appeal would lie. The late act gives one in all cases ; and a little discrepancy between this general provision and the form of the bond, will not do away the express words of the act.

*Curia*, per WOODWORTH, J. The statute requires that the bond be in double the amount of the judgment ; if costs only are adjudged against a party, it follows that it must be in double the amount of the costs ; if damages and costs, then double the amount of both. In the *Matter of David Marsh*, (19 John. 171,) it is true, this Court held, that the costs were not to be considered a part of the judgment. But that was for the purpose of the right to appeal, the statute of 1818 giving an appeal only when the damages recovered were over 25 dollars ; consequently, if it required the addition of the costs to make out a sum exceeding 25 dollars, an appeal would not lie. But under the act of 1824, an appeal is given in every case ; and when the amount of the judgment is spoken of, it has reference to the costs as well as the damages.

· The first part of the section regulating appeals declares, that the party appealing shall give a bond with a condition, *to prosecute the appeal, with due diligence, to a decision in the Court of Common Pleas ; and in case judgment shall be rendered against the appellant, to pay such judgment, including costs of the appeal.* This applies to cases, 1. Where the plaintiff may recover before the Justice ; but being dissatisfied with the amount recovered, appeals ; 2. Where a defendant has judgment in his favor for costs only, and appeals because a balance is not found in his favor, or where a balance is found in his favor and he claims a greater : and 3. Where the plaintiff appeals, when the judgment is in favor of the defendant for costs merely. In all these cases, the condition of the bond has nothing to do with the costs, damages, or debt, recovered in the Court below ; because, as to the costs, they are paid before the party can appeal, and as to the damages in favor of the appellant, he seeks to get rid of them by the appeal. But when the party against whom damages are found appeals, then the condition is to pay the debt or damages, with interest and costs of appeal, if the appeal shall not be prosecuted with diligence, or that the appellant shall surrender his body in execution on the judgment. The sentence is obscure ; but the meaning is, if the suit is not prosecuted with due diligence, the appellant shall pay, or surrender his body ; and in case judgment shall be rendered against the appellant, he shall pay or surrender in like manner. This construction is necessary in order to make the latter clause consistent with the former, to effectuate the intent of the legislature, and to avoid an absurdity which would arise from adhering to a literal construction ; which would be, that if the appellant prosecuted with diligence, he would not be obliged, by the bond, to pay or surrender, although he might fail in the appeal. The words, " or in case judgment shall be rendered against the appellant," in the condition of the bond, applicable to the first class of cases, are necessarily to be understood in the second, after the words, " if such appeal shall not be prosecuted with all due diligence."

In the present case, judgment was in favor of the defendant for costs; and, consequently, as the bond is in the form prescribed by the first part of the section, it complies with the act; and the Court below erred in quashing the appeal.

Motion granted.